# UNITED STATES DISTRICT COURT

_____ District of _____ MASSACHUSETTS _____

United States of America

V.

**NICHOLAS DIAZ**
_____
Defendant

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number:    2005-CR-30031-RGS-3

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case. Including, but not limited to, 18 U.S.C. ss. 1503, 1512, 1513 attached to this order.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number and the new address proposed address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                            Place

_____ on _____
                              Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence

(   )   The defendant executes an unsecured bond binding the defendant to pay the United States the sum
        of _____ dollars ( _____ )
        in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

**ADDITIONAL CONDITIONS OF RELEASE**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ✔ ) (   The defendant is placed in the custody of:
        (Name of person(s))   Jose Torres
        (Address)   55 Portland St.
        (City and state)   Holyoke, MA           (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

                    Signed:  _Jose M. Torres_           5-22-06
                              Custodian or Proxy         Date

                              _____  _____
                              Custodian or Proxy         Date

## ADDITIONAL CONDITIONS OF RELEASE

(✔) (4)  The defendant shall:

    (a)  Comply with "ORDER SETTING CONDITIONS OF RELEASE" attached and incorporated herein by reference.

    (b)

    (c)

    (d)

    (e)

    (f)

    (g)

    (h)

    (i)

    (j)

    (k)

    (l)

    (m)

    (n)

    (o)

    (p)

    (q)

Page _2_ of _7_

# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

     V.                             CRIMINAL NO. 2005-30031-RGS-03

NICHOLAS DIAZ,
        Defendant.

## *ORDER SETTING CONDITIONS OF RELEASE*

COLLINGS, U.S.M.J.

After hearing, the Court finds that there is a combination of conditions of release which will reasonably assure the appearance of the defendant and the safety of other persons and the community. Accordingly, the Court sets the following Conditions of Release:

(1) The defendant shall execute a $15,000 unsecured bond.

(2) The defendant shall live only at 55 Portland Street, Holyoke, Massachusetts ("the residence") and at no other location.

(3) The defendant is released into the Third Party Custody of Mr. Jose Torres.

(4) The defendant shall be subject to electronic monitoring at the

residence and may not leave the residence except (a) for the purpose of attending a previously scheduled appearance in a court, (b) for the purpose of visiting an attorney who is representing him in a pending criminal matter, (c) for the purpose of attending church services, and (d) for the purpose of seeking emergency medical care. Permission to leave the residence for the above-stated purposes (a), (b) (c) or (d) is conditioned on the defendant complying with all of the requirements imposed by Pre-Trial Services and that at all times when the defendant is out of the residence, he shall be in the actual physical presence of the third-party custodian.

(5) There must be a landline telephone at the residence and all features on the landline telephone which are incompatible with electronic monitoring must be removed *prior* to the defendant's release.

(6) The defendant shall not apply for a passport or any type of travel documents while on release.

(7) The defendant's travel is restricted to Massachusetts.

(8) The defendant shall not possess any firearms, destructive devices or dangerous weapons while on release and there shall be no such firearms, destructive devices or dangerous weapons in the residence.

(9) The defendant shall not use alcohol to excess and shall not use or possess any narcotic controlled substance except by prescription from a licensed medical practitioner.

(10) The defendant shall submit to drug testing by Pre-Trial Services.

(11) The defendant shall notify Pre-Trial Services within twenty-four (24) hours if he is arrested or has any contact with any law enforcement officials.

(12) The defendant shall have no contact, either direct or indirect, with David Vaddy and Kelly Arzate except through his attorney.

(13) The defendant shall not violate any Federal, state or local law while on release, including the provisions of 18 U.S.C. §§ 1503, 1512 and 1513.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: May 22, 2006.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Nicolas_ [signature]
Signature of Defendant

55 Portland st.
Address

Holyoke MA    (413)532-9980
City and State    Telephone

## Directions to United States Marshal

(✔) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date    5/22/06

[signature]
Signature of Judicial Officer

NOREEN RUSSO - DEPUTY CLERK
Name and Title of Judicial Officer

Page 6 of 7

(a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act in violation of this section involves the threat of physical force or physical force, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(b) The punishment for an offense under this section is– (1) in the case of a killing, the punishment provided in sections 1111 and 1112; (2) in the case of an attempted killing, or a case in which the offense was committed against a petit juror and in which a class A or B felony was charged, imprisonment for not more than 20 years, a fine under this title, or both; and (3) in any other case, imprisonment for not more than 10 years, a fine under this title, or both.

### 18 U.S.C. § 1512. Tampering with a witness, victim, or an informant

(a)(1) Whoever kills or attempts to kill another person, with intent to--
(A) prevent the attendance or testimony of any person in an official proceeding;
(B) prevent the production of a record, document, or other object, in an official proceeding; or (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (3).

(2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to--
(A) influence, delay, or prevent the testimony of any person in an official proceeding; (B) cause or induce any person to--
(i) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
(iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (iv) be absent from an official proceeding to which that person has been summoned by legal process; or (C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (3).

(3) The punishment for an offense under this subsection is--
(A) in the case of murder (as defined in section 1111), the death penalty or imprisonment for life, and in the case of any other killing, the punishment provided in section 1112; (B) in the case of--
(i) an attempt to murder; or (ii) the use or attempted use of physical force against any person; imprisonment for not more than 20 years; and
(C) in the case of the threat of use of physical force against any person, imprisonment for not more than 10 years.

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to– (1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to--
(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding:(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (D) be absent from an official proceeding to which such person has been summoned by legal process; or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings; shall be fined under this title or imprisoned not more than ten years, or both.

(c) Whoever corruptly– (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

(d) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from--
(1) attending or testifying in an official proceeding; (2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings; (3) arresting or seeking the arrest of another person in connection with a Federal offense; or (4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding; or attempts to do so, shall be fined under this title or imprisoned not more than one year, or both.(e) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.
(f) For the purposes of this section--
(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and (2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.
(g) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance--
(1) that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or(2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.
(h) There is extraterritorial Federal jurisdiction over an offense under this section.(i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.
(j) If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case. (k) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

### 18 U.S.C. § 1513. Retaliating against a witness, victim, or an informant

(a)(1) Whoever kills or attempts to kill another person with intent to retaliate against any person for--(A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings, shall be punished as provided in paragraph (2).
(2) The punishment for an offense under this subsection is--
(A) in the case of a killing, the punishment provided in sections 1111 and 1112; and (B) in the case of an attempt, imprisonment for not more than 20 years.
(b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for--
(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
(2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release,parole, or release pending judicial proceedings given by a person to a law enforcement officer;
or attempts to do so, shall be fined under this title or imprisoned not more than ten years, or both.
(c) If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.
(d) There is extraterritorial Federal jurisdiction over an offense under this section.