```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA  )
                          )
         v.               )    CRIMINAL NO. 05-30031-RGS
                          )
NICHOLAS DIAZ             )
```

**JOINT MOTION OF GOVERNMENT AND DEFENDANT
FOR REDUCTION OF SENTENCE**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Alex Grant, and defendant Nicholas Diaz, by J. Martin Richey, Assistant Federal Public Defender, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, and to provide a joint sentencing recommendation to the Court.

**A.    Eligibility for Sentence Modification**

**1.    Background**

The defendant was charged in a four-count indictment on June 9, 2005.[1]  The defendant was charged in Count One with conspiracy to distribute crack cocaine and in Count Three with distribution of crack cocaine.

On May 10, 2007, the defendant pled guilty to both counts. On July 30, 2007 he was sentenced to a term of imprisonment of 24 months, with a three-year term of supervised release to follow.

---

[1]    The case was brought in Springfield.  The indictment named two co-defendants:  David Vaddy and Kelly Arzate.

The 24-month sentence of imprisonment was determined as follows:

- The defendant was held accountable for 9.4 grams of crack cocaine, and his corresponding base offense level was 26. PSR at ¶33.

- The defendant received a 2-level safety valve reduction (PSR at ¶41) and a 3-level reduction for acceptance of responsibility (PSR at ¶39), yielding a total offense level 21 (PSR at ¶42).

- The defendant was in Criminal History Category I. PSR at ¶46.

- The defendant's guideline sentencing range was 37-46 months. PSR at ¶81; Statement of Reasons at p. 1.

- The government filed a downward departure motion pursuant to U.S.S.G. §5K1.1. The court granted the motion and imposed a 24-month sentence of imprisonment. The departure was 13 months, or 35%, below the low end of the applicable guideline sentencing range.

The defendant is now imprisoned at FCI Allenwood Low. His release date is **June 6, 2008.** He is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

### 2. The Governing Law

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The governing Sentencing Commission policy statement is U.S.S.G. §1B1.10.[2] Section 1B1.10(a)(1) provides, in pertinent part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .

The Commission's crack cocaine amendments (Amendment 706 as amended by 711) are enumerated in § 1B1.10, subsection (c), as amendments which may be applied retroactively.[3]

### 3. The Defendant is Eligible for a Sentence Reduction

The crack cocaine amendments reduce the guideline sentencing range applicable to defendant, and the court may therefore consider whether to reduce his sentence. Specifically, defendant's base offense level is now 24 (for 9.4 grams of crack cocaine), and his total offense level is now 19. His new guideline sentencing range is 30-37 months.

Where, as here, the court downwardly departed from the applicable guideline sentencing range at the original sentencing, § 1B1.10(b)(2)(B) provides that a comparable departure from the

---

[2] Section 1B1.10 was significantly revised and amended effective March 3, 2008.

[3] The Commission's crack cocaine amendments became effective for prospective application on November 1, 2007. In sum, the amendments reduce the offense level in most crack cocaine cases by two levels.

new guideline range may be appropriate:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. . . .

U.S.S.G. § 1B1.10(b)(2)(B).

At the defendant's original sentencing, the court departed downward from the applicable GSR (37-46 months) under U.S.S.G. § 5K1.1 and imposed a sentence of 24 months.  The departure was 13 months, or 35%, below the low end of the guideline range.  A comparable reduction in the new sentencing range yields a 20-month sentence (the new GSR is 30-37 months; 35% of 30 is 10.5; 30 minus 10.5 equals 19.5).[4]

---

[4] United States Probation Officer Richard Rinaldi has reviewed this memorandum and agrees with the new sentence calculation submitted herein by the parties.  Mr. Rinaldi has also reviewed the defendant's SENTRY records, which indicate that the defendant has posed no disciplinary problem during his incarceration.  A memorandum regarding the defendant's disciplinary record was prepared by Mr. Rinaldi and is attached to this motion.

Although the defendant qualifies for a reduction in sentence under 18 U.S.C. § 3582(c)(2), the government is of the view that, by the express terms of both that section and U.S.S.G. § 1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  See U.S.S.G. § 1B1.10, comment. (n.1(B)(ii))("[t]he court shall consider the nature and seriousness of

### B. The Parties' Sentencing Recommendation

The parties recommend imposition of a 20-month term of incarceration, with a three-year term of supervised release to follow (with the same conditions of supervised release as were previously imposed). The proposed 20-month sentence implements the lower penalties that the Commission has deemed appropriate in crack cocaine cases, and is otherwise consistent with the sentence originally imposed by the court.

### C. There is No Need for a Sentence Modification Hearing

In view of the parties' agreement regarding the defendant's eligibility for a sentence reduction, as well as their agreement regarding the appropriate sentence to be imposed, the parties further agree that the Court can and should modify the defendant's sentence without the necessity of a sentence modification hearing (or the defendant's presence thereat) and

---

the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii))("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment"). The parties agree, however, that neither considerations of public safety, nor the defendant's conduct while in the custody of the Bureau of Prisons, warrants denial of the sentence reduction to which he is otherwise entitled.

that it should do so by issuing an order and amended judgment.

Respectfully submitted this 10th day of March, 2008.


| NICHOLAS DIAZ | MICHAEL J. SULLIVAN |
| Defendant | United States Attorney |
| | |
| By: /s/ J. Martin Richey | By: /s/ Alex Grant |
| J. Martin Richey | Alex Grant |
| Counsel for Nicholas Diaz | Assistant U.S. Attorney |



# **M E M O R A N D U M**

To: Attorney of Record
From: U.S. Probation Officer Richard Rinaldi
Re: Nicholas DIAZ, DKT#: 05-30031-RGS
    BOP - SENTRY Information
Date: March 10, 2008

The following information was gleaned from the SENTRY records for Nicholas Diaz, DOB 11/17/80:

Mr. Diaz successfully completed one physical fitness course (Beginners Spinning) and is assigned the work duties of CCS Compound, Shift 3. No disciplinary reports are reflected in the records.

Mr. Diaz is currently at the Allenwood Low facility Pennsylvania. His projected release date is June 6, 2008. His Case Manager's name is J. Solomon who can be reached at (570) 547-1990, extension #4443. The Unit Manager for Mr. Diaz' dormitory is D. Thomas, at extension #4442.